UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANK HEUSSER, SR., and :
FRANK HEUSSER, JR., :
    Plaintiffs, :
     :
    v. : Case No. 3:07-cv-1660 (PCD)
     :
KEVIN J. HALE, :
    Defendant. :

## RULING ON MOTION TO DISMISS

Plaintiffs Frank Heusser, Sr. and Frank Heusser, Jr., brought this action pursuant to 42 U.S.C. §§ 1983 and 1988 against Defendant Kevin Hale, individually and in his official capacity as the Chief of Police of the City of Ansonia, alleging violations of their rights under the First and Fourteenth Amendments to the United States Constitution. Defendant has moved to dismiss Plaintiffs' Amended Complaint in its entirety. For the reasons stated below, Defendant's Motion to Dismiss [Doc. No. 18] is **granted in part** and **denied in part.**

**I.    BACKGROUND**

The following facts are assumed true for purposes of this motion only. Plaintiffs own and operate Frank's Service Station ("Frank's"), a business that provides, among other things, towing services in Ansonia, Connecticut. (Am. Compl. ¶ 3.) The business derives substantial income from providing towing services in police-related matters referred to it by the Ansonia Police Department. (Id. at ¶ 6.) Frank's received such referrals as a result of its presence on the rotational towing list for the Town of Ansonia. (Id.) On September 20, 2007, Defendant suspended Frank's from the rotational towing list as a result of Plaintiffs being arrested, but not convicted, on misdemeanor charges unrelated to the operation of the business. (Id. at ¶ 7.)

1

In November 2007, Plaintiffs filed this suit claiming that Defendant's suspension of Frank's from the rotational towing list violated Plaintiffs' due process rights afforded by the Fourteenth Amendment. (Am. Compl. ¶ 8.) The criminal charges against Plaintiffs were subsequently reduced to a noncriminal infraction. (Id. at ¶ 9.) On January 9, 2008, Defendant moved to dismiss the Original Complaint for failure to state a claim. Shortly thereater, Plaintiffs moved for, and this Court granted, leave to amend the complaint to add claims for retaliation and violation of their right to equal protection. The Amended Complaint, filed on March 8, 2008, alleges that others similarly situated to Plaintiffs have not been removed from the rotational towing list. (Id. at ¶ 11.) The Amended Complaint further alleges that, despite knowledge of the reduction of the charges against Plaintiffs to a noncriminal infraction, Defendant failed to reinstate Frank's to the rotational towing list in retaliation for Plaintiffs' having filed this lawsuit. (Id. at ¶ 16.)

Defendant now moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiffs' due process and retaliation claims for failure to state claims upon which relief can be granted. Although Defendant purports to move to dismiss the entire Amended Complaint, he did not address Plaintiff's equal protection claim in his moving papers. Despite his attempts to raise an argument to dismiss the equal protection claim in his reply memorandum, the Court considers this issue not properly briefed and accordingly will not review it on the merits.

## II. STANDARD OF REVIEW

The function of a motion to dismiss pursuant to Rule 12(b)(6) "is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence that might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774,

779 (2d Cir. 1984) (citation omitted). Therefore, when considering such a motion, the court must accept the facts alleged in the complaint as true, draw inferences therefrom in the light most favorable to the plaintiff, and construe the complaint liberally. Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001). The district court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). Although detailed factual allegations are not required, a plaintiff must provide the grounds of her entitlement to relief beyond mere "labels and conclusions"; "a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65; see also Iqbal v. Hasty, 490 F.3d 143, 155 (2d Cir. 2007) (declining to read Twombly's 'flexible plausibility standard' as relating only to antitrust cases).

### III.   DISCUSSION

#### A.   Due Process

Defendant first moves to dismiss Plaintiffs' due process claims on the grounds that the Amended Complaint does not allege the deprivation of a protected property interest. A successful claim for violation of Plaintiffs' due process rights requires a showing that "state action deprived [them] of a protected property or liberty interest." White Plains Towing Co. v. Patterson, 991 F.2d 1049, 1062 (2d Cir.), cert. denied, 510 U.S. 865, 114 S. Ct. 185 (1993). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Board of Regents v. Roth, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972). These property interests are "created and their dimensions are

defined by existing rules or understandings that stem from an independent source such as state law." Id.; see also White Plains Towing Co., 991 F.2d at 1062.

Plaintiffs argue that Defendant's motion is premature because the question whether Plaintiffs had a property interest in being on the rotational towing list requires discovery. However, whether a protected property interest exists is a legal question that the Court may decide on a motion to dismiss. See JAV Auto Center, Inc. v. Behrens, 418 F. Supp. 2d 439, 442-43 (S.D.N.Y. 2005). Here, Plaintiffs have not alleged that either the Town of Ansonia or the State of Connecticut has a regulatory scheme that creates a property interest in being on the Town's rotational towing list, nor have they alleged that they entered a contract with Defendant Hale or the Town of Ansonia which established such a property interest. The mere existence of a rotational towing list does not vest a property interest in Plaintiffs. See B & M Serv. Station v. City of Norwich, No. 2:91-CV-1027 (CFD), 2000 WL 305981, at *5 (D. Conn. February 25, 2000); Blackburn v. City of Marshall, 42 F.3d 925, 938 (5th Cir. 1995) ("Absent ... an entitlement grounded in state law, courts have not found a protected property interest in remaining on a wrecker rotation list."). Only state statutes or regulatory schemes which not only authorize the establishment of a rotatational towing system but also govern its application and mandate that referrals be made on an equal basis may create a protected property interest for those on the towing list. See, e.g., Abercrombie v. City of Catoosa, 896 F.3d 1228, 1232 (10th Cir. 1990) (protected property interest created by statute that required city "to make wrecker referrals on an equal basis as nearly as possible"); Pritchett v. Alford, 973 F.2d 307, 318 (4th Cir. 1992) (property interest found where state regulation required that districts establish wrecker rotation lists and that such lists be administered fairly, giving wrecker operators equal

4

opportunity to provide towing services). Plaintiffs in this case have not alleged that the Town of Ansonia has a regulatory scheme that may create a protected property interest, and the general Connecticut statute pertaining to towing services does not create a protected property interest. See Conn. Gen. Stat. § 29-23a (authorizing the creation and utilization of a rotational towing system but not dictating guidelines by which the towing system must be operated); B & M Serv. Station, 2000 WL 305981, at *5-6 (finding that the plaintiffs, who owned and operated towing companies in Connecticut, could not identify any Connecticut statute or regulation which authorized the town's rotational towing system and thereby created a property interest in their inclusion in it).

Plaintiffs have therefore failed to allege that they have a protected property interest in remaining on the Town of Ansonia rotational towing list. Accordingly, their due process claim must be dismissed.

### B. First Amendment Retaliation

Defendant also moves to dismiss Plaintiffs' retaliation claim for failure to state a claim. "To establish a retaliation claim under section 1983, a plaintiff initially [must] show that [his] conduct was protected by the First Amendment, and that defendants' conduct was motivated by or substantially caused by his exercise of free speech." Gagliardi v. Village of Pawling, 18 F.3d 188, 195 (2d Cir. 1994) (alteration in original) (citations and internal quotations omitted). In this case, Plaintiffs have alleged that their seeking judicial relief to vindicate their 14th Amendment rights prompted Defendant's failure to restore their position on the rotational towing list. It is well established that "the rights to complain to public officials and to seek administrative and judicial relief from their actions are protected by the First Amendment." Dougherty v. Town of

N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 91 (2d Cir. 2002) (citing Franco v. Kelly, 854 F.2d 584, 589 (2d Cir. 1988)). There is therefore no question that Plaintiffs' filing this lawsuit is conduct protected by the First Amendment. Consequently, the issue is whether the Amended Complaint has established a sufficient nexus between the protected conduct and the alleged retaliatory action such that the claim can withstand Defendant's motion to dismiss. "While a bald and uncorroborated allegation of retaliation might prove inadequate to withstand a motion to dismiss, it is sufficient to allege facts from which a retaliatory intent on the part of the defendants reasonably may be inferred." Gagliardi, 18 F.3d at 195 (citations omitted).

The Amended Complaint alleges that Defendant removed Frank's from the rotational towing list directly as a result of Plaintiffs having been arrested on criminal misdemeanor charges. As a result of this removal, Plaintiffs filed the present action asserting a violation of their due process rights. The Amended Complaint further alleges that, even after being informed of the reduction in charges to a noncriminal infraction, Defendant refused to return Frank's to its position on the rotational towing list. It is reasonable to infer that Defendant did not reinstate Plaintiffs to the rotational towing list after their criminal record was cleared in retaliation for having brought this lawsuit. Plaintiffs' allegations are therefore grounded in at least a reasonable inference of Defendant's retaliatory motive and are sufficient to withstand a motion to dismiss.

Defendant contends that because Plaintiffs fail to state a due process claim upon which relief can be granted, their retaliation claim must also fail. Specifically, Defendant contends that the Constitution does not provide Plaintiffs with a right to recover for the alleged retaliation of an unprotected interest. However, Defendant is mistaken that Plaintiffs' retaliation claim is predicated on the viability of their due process claim. As discussed in the Court's Ruling on

Plaintiffs' motion for leave to amend the complaint (Doc. No. 14), the claims are entirely independent of one another. Defendant incorrectly focuses on Plaintiffs' alleged right to be restored to the rotational towing list; however, Plaintiffs' retaliation claim is based on Defendant's conduct following Plaintiffs' filing their due process claim. The relevant protected interest in Plaintiffs' retaliation claim is not their asserted Fourteenth Amendment right to be on the rotational towing list but their First Amendment right to file a lawsuit. Dismissal of Plaintiffs' due process claim therefore does not require dismissal of the retaliation claim. Accordingly, Defendant's motion to dismiss Plaintiffs' retaliation claim is denied.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [Doc. No. 18] is **granted in part** and **denied in part.** Plaintiffs' due process claim is hereby dismissed.

SO ORDERED.

Dated at New Haven, Connecticut, this 5th day of June, 2008.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court