UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANKLIN HEUSSER, SR., et al.,<br><br>         Plaintiffs,<br>v.<br><br>KEVIN J. HALE, et al.,<br><br>         Defendants. | 3:07-cv-1660 (CSH) |

### RULING ON MOTION TO AMEND

HAIGHT, Senior District Judge:

Now pending is Plaintiffs' motion pursuant to Federal Rule of Civil Procedure 15 to amend the complaint to add sixteen additional causes of action to the existing ten counts. [Doc. 66] While Plaintiffs have captioned the motion "Plaintiffs' Second Request for Leave to Amend their Complaint," the Proposed Amended Complaint attached to Plaintiffs' motion would, by the Court's count, constitute the fifth controlling complaint in this action, which has been pending for two years. Furthermore, this motion to amend was filed on October 25, 2009, only five days before the October 30, 2009 discovery deadline, which the Court declared on August 27, 2009 to be peremptory and thus not subject to extension. Plaintiffs' Motion to Amend [Doc. 66] is **DENIED.**

The initial one count complaint was filed on November 13, 2007. [Doc. 1] Plaintiffs sought and were granted leave to amend the complaint [Docs. 9 & 14], and the three count Amended Complaint was filed on March 8, 2008. [Doc. 15] Thereafter, the Court dismissed Plaintiffs' due process claim. [Doc. 23] On May 8, 2008, Plaintiffs instituted a second action that named additional Plaintiffs and Defendants and had a twelve count complaint, which was

docketed as 3:08cv708 (PCD).  That action was consolidated with this case on August 26, 2008 [Doc. 31], and the Court granted Plaintiffs' request that the Court view the complaint in 3:08cv708(PCD) as the operative complaint in the consolidated matter. [Doc. 42]

However, the Court denied Plaintiffs' motion to further amend that complaint, on the basis that Plaintiffs had failed to demonstrate that justice required its granting.  Id.  The Court gave Plaintiffs until February 6, 2009 to renew their motion to amend and to make the requisite showing of good cause.  Id.  However, Plaintiffs did not so move until October 25, 2009, more than eight months after the expiration of the Court's deadline for amendment, and on the eve of the peremptory discovery deadline.  [Doc. 66]  In the interim, the Court had granted Defendants' motion to strike certain provisions from the complaint, and ordered Plaintiffs to docket the complaint as so amended "without making any other changes to it." [Doc. 64]  Plaintiffs complied with that order [Doc. 65], and two days later filed the instant motion to amend.

Rule 15 of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). A "court should freely give leave [to amend] when justice so requires." Id.  "Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  "Despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order when the moving party has

2

failed to establish good cause and that good cause depends on the diligence of the moving party." Lyddy v. Bridgeport Bd. of Educ., 2008 WL 5117679, at *1 (D. Conn. Dec. 4, 2008) (quoting Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000)).  Furthermore, where, as here, a scheduling order has been entered in a case, that schedule "may be modified only for good cause."  Fed. R. Civ. P. 16(b)(4).

Plaintiffs maintain that they should be permitted to amend the complaint because "the amendments include additional counts which result from the Defendants' recent conduct" [Doc. 66 at ¶ 2(d)], and because the delay in moving to amend results from Plaintiffs' counsel being otherwise occupied with starting his own practice, two trials, and an injury to his foot. [Doc. 66 at ¶¶ 9-12.] Plaintiffs contend that Defendants would not need to conduct additional discovery on the proposed new counts and factual allegations, a contention which Defendants dispute. Defendants also respond that "all of the information sought to be introduced by the Plaintiffs was known to them before the filing of the second action on May 8, 2008," [Doc. 68 at 6] and that to the extent that any information was recently discovered, that was only because Plaintiffs waited to depose the central Defendant until two years after instituting the case and less than two weeks before the close of discovery. [Doc. 68 at 6-7.]

The Court has considered Plaintiffs' arguments and concludes that Plaintiffs have failed to demonstrate good cause for permitting amendment at this late stage in the proceedings.  Such amendment would unduly prejudice Defendants, particularly given that discovery has closed. The history of this case, recited above, reveals Plaintiffs' repeated failure to cure deficiencies by amendments previously allowed, and their efforts to continually expand the scope of this litigation.  The Court is also concerned with Plaintiffs' apparent attempt to reintroduce the due

process claim [See Proposed Amended Complaint, Doc. 66-2 at Count Eighteen], which was previously dismissed because Plaintiffs had not asserted a property interest in their inclusion on the rotational towing list, and because "the mere existence of a rotational towing list does not vest a property interest in Plaintiffs." [Doc. 23]

For the reasons stated herein, Plaintiffs' Motion to Amend [Doc. 66] is **DENIED.**

It is SO ORDERED.

Dated: New Haven, Connecticut

November 12, 2009

                                               /s/ *Charles S. Haight, Jr.*
                                               Charles S. Haight, Jr.
                                               Senior United States District Judge